UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA,                )
                                          )
                    Plaintiff,            )          2:21-CR-00018-DCLC-CRW
                                          )
        v.                                )
                                          )
CARRIE ANN BALES,                         )
                                          )
                    Defendant.            )

## MEMORANDUM OPINION

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States

Sentencing Guideline Amendment 821 [Doc. 1157]. Pursuant to Standing Order 24-05, Federal

Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a

supplemental motion at this time [Doc. 1159], and the United States ("the Government") has filed

a response in opposition [Doc. 1165].

## I.    BACKGROUND

On April 13, 2022, Defendant pleaded guilty to one count of conspiracy to distribute 50

grams or more of methamphetamine and one count of conspiracy to commit money laundering

[Docs. 399, 453]. Based on a total offense level of 36 and a criminal history category of I,

Defendant's guideline range was 188 to 235 months [Doc. 805, pg. 1]. The PSR found that she

played an aggravating role in the offense under U.S.S.G. § 3B1.1, increasing her offense level by

three levels. The Court varied from Defendant's advisory guideline range and imposed a sentence

of 125 months [Doc. 804, pg. 2]. Defendant is currently housed at FPC Alderson with a projected

release date of June 12, 2029. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited

1

May 31, 2024).  She now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 1157].

## II.    ANALYSIS

 "A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted).  Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to reduce a defendant's sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders").  Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels.  Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

At the time of sentencing, Defendant was a zero-point offender but to receive the benefit of the amendment, she must also satisfy the requirements of U.S.S.G. § 4C1.1(a).  And § 4C1.1(a) makes ineligible those defendants who received "an adjustment under § 3B1.1 (Aggravating Role)" U.S.S.G. § 4C1.1(a)(10).  Here, as noted, Defendant received a three-level adjustment under § 3B1.1(b) for her role in the offense [Doc. 805, pg. 1].  Accordingly, she is ineligible for a

2

sentence reduction under 18 U.S.C. § 3582(c)(2).

III.    **CONCLUSION**

For the reasons stated herein, Defendant's motion [Doc. 1157] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge